# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. KORRY PITTS; <br> MRS. KIMBERLEY PITTS, <br> 412 Motoring, LLC, <br>       Plaintiff(s), <br><br> v. <br><br> CITIZENS BANK OF PENNSYLVANIA , <br> GARY NORRIS, <br> FIRST NATIONAL BANK OF <br> PENNSYLVANIA , <br> SEAN CONROY, <br>       Defendants. | CIVIL ACTION NO. <br><br><br><br><br> JURY TRIAL DEMANDED |

## **COMPLAINT IN CIVIL ACTION**

**AND NOW**, comes the Plaintiffs, KORRY PITTS, KIMBERLEY PITTS, and 412 Motoring, LLC, by and through his undersigned counsel Wayne B. Cobb II and Amber L. Owens, Esquire of Cobb Counsel LLC and files the following Complaint and in support thereof aver as follows:

## **JURISDICTION**

1.   This Court has jurisdiction of the matters within pursuant to 28 U.S.C. § 1331 and 28 U.S.C §1343 such that the causes of action enumerated herein arise under the Constitution, treaties or laws of the United States.  In particular, the causes of action enumerated herein arise under the Civil Rights Act of 1871, as amended, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.  Further, this Honorable Court has supplemental jurisdiction of 412 Motoring, LLC, Mr. and Mrs. Pitts state law claims pursuant to 28 U.S.C. § 1367(a).

1

**PARTIES**

2. Plaintiff, Mr. Korry Pitts (hereinafter "Mr. Pitts") is an adult individual, and a Citizens of the United States of America, Commonwealth of Pennsylvania, and County of Allegheny, at all times material to this Complaint.

3. Plaintiff, Mrs. Kimberly Pitts (hereinafter "Mrs. Pitts") is an adult individual, and a Citizens of the United States of America, Commonwealth of Pennsylvania, and County of Allegheny, at all times material to this Complaint.

4. Mrs. Pitts is the registered owner of 412 Motoring, LLC in the Commonwealth of Pennsylvania. Mr. Pitts is the managing member of 412 Motoring, LLC.

5. The registered office for 412 Motoring, LLC is 3908 Penn Ave., Pittsburgh PA 15224.

6. The Defendant, "Citizens Bank", including its agents, servants and/or employees operated, maintained and controlled by Citizens Bank hereinafter referred to as the "Citizens", including all Citizens' employees herein. Citizens Bank is a financial institution licensed to receive deposits and make loans.

7. The Defendant, Mr. Garry Norris is a loan agent employed with Citizens Bank, hereinafter referred to as Mr. Norris.

8. The Defendant, "First National Bank", including its agents, servants and/or employees operated, maintained and controlled the First National Bank hereinafter referred to as the "FNB", including all FNB's employees herein. First National Bank is a financial institution licensed to receive deposits and make loans.

9. The Defendant, Sean Conroy is a loan officer of FNB, hereinafter referred to Mr. Conroy.

## STATEMENT OF FACTS

10. Mr. Korry Pitts, a representative of 412 Motoring, LLC reached out to Citizens for a Business Construction Loan on or about February 3, 2018, with the desire to build condominiums and develop property.

11. 412 Motoring, LLC was provided an estimate of $3,118,129.00 in development cost and estimated profit of $2,001,880.00.

12. Mr. Pitts specifically contacted the Defendant Gary Norris, a loan agent from Citizens Bank of Pennsylvania.

13. Mr. Pitts completed the loan application with Citizens Bank of Pennsylvania through their agent, Mr. Norris in his official capacity as an agent of 412 Motoring, LLC.

14. In early February of 2018, Mr. Norris informed Mr. Pitts that he had not been approved for a Business Construction Loan with Citizens Bank, but he could be approved for a $50,000.00 (fifty thousand dollar) personal loan.

15. On February 6, 2018, Mr. Norris informed Mr. Pitts that although Citizens Bank of Pennsylvania would not provide financing if Mr. Pitts would provide him with a four thousand dollar cash payment finder's fee ($4,000.00); Mr. Norris would find a bank that could provide the construction loan that Mr. Pitts was looking to secure.

16. Upon information and belief, Mr. Norris does not hold a broker license, nor does he act in the capacity of Broker for Citizens Bank, nor any other known brokerage firm.

17. Mr. Norris met with Korry Pitts on February 8, 2018, and informed him that he works with a Mr. Sean Conroy of First National Bank; who he referred to as a "guy" who can get anyone a loan.

18. Mr. Norris then provided the Plaintiffs personal and confidential financial information without permission, written or verbal consent to Sean Conroy of First National Bank.

19. At no point in time did the Plaintiff or a representative of the Plaintiffs collectively or individually sign any agreement, complete a loan application, or provided authorization to Mr. Conroy to run any credit inquiries.

20. In spite of this fact, on or around February 9, 2018, Mr. Conroy informed Mr. Pitts he had been approved for a one-million-dollar construction loan through FNB.

21. Mr. Conroy scheduled a meeting to come to 412 Motoring, LLC business site to complete necessary paperwork and discuss the construction plans.

22. Upon information and reasonable belief, once Mr. Conroy entered Mr. Pitts' business and realized he was an "African American," Mr. Conroy stated there were additional clearances that had to be run, and he would get back to Mr. Pitts.

23. Mr. Pitts learned he had been denied the loan and a line of credit during his next conversation with Mr. Conroy.

24. Mr. Conroy stated that through his "additional search", FNB had to deny Mr. and Mrs. Pitts due to poor credit history of his wife, and a 10 year old civil action concerning one of Mr. Pitts' former business associates.

25. Mr. Pitts provided documentation that the Civil Suit was closed, and no monies were owed by Mr. Pitts.

26. Upon information and reasonable belief, Mr. Conroy's behavior and demeanor immediately changed upon learning that Mr. Pitts and his wife were of African American heritage and descent. His conduct was racially motivated, disrespectful and discriminatory in nature.

27.     On or around February 19, 2018, Mr. and Mrs. Pitts prepared a letter and sent it to FNB.  In said letter, Mr. Pitts provided an accounting of his interactions with Sean Conroy.  The letter addressed Mr. Conroy's behavior as being racial, disrespectful and Mr. Conroy promoting discriminatory practices.  The letter also noted that the legal matter that Mr. Conroy stated was a concern and reason for his denial, was civil and not criminal. The letter explained that Mr. Pitts was being victimized by his business partner and was not found at fault for any wrongdoing. Additionally, he asserted that the civil action in question took place approximately 11 years before his efforts to seek a business construction loan.

28.     On or around February 26, 2018, Mr. and Mrs. Pitts received a "Notice of Adverse Action Taken" from FNB.  The letter stated that FNB had determined not to extend a line of credit to Mr. and Mrs. Pitts stating, "slow past or present credit obligations, collection or judgement and erratic earning history".  FNB stated the information was based upon a credit report provided by Experian.

29.     On or around March 6, 2018, FNB sent further correspondence explaining that the loan was denied because of a tax lien filed in November 2013, evidence of late payments showing on a credit report, as well as a Charge Off to Ally Financial for a Lease, and a prior bankruptcy.

30.     On or around March 8, 2018, Mr. Pitts submitted a complaint to Consumer Financial Protection Bureau, docketed at Complaint # 180308-2928825.

31.     On or around March 19, 2018, Attorney Castello sent a letter to FNB disputing the information in their March 6, 2018 response letter as to why they were denied credit; including the ownership of the lien.  (He also denied submission of credit report of Mr. Pitts ever happened and stated that Mr. Conroy never advised the Pitts' that additional collateral information would be needed or that a full analysis was required.)

32. On or around March 22, 2018, FNB responded to Mr. Pitts' complaint filed on March 8, 2018 with the Consumer Financial Bureau. FNB's Senior Corporate Counsel, Mr. Brian Mancos stated that FNB did not have a formal loan application form, and that the clients instead provided copies of their financial information for review.

33. On or around November 5, 2019, Mr. Pitts filed a complaint with the Attorney General office regarding Citizens, Mr. Norris, FNB, and Mr. Conroy's action.

34. On or around November 20, 2019, Mr. Pitts received a letter from the Lisa Allen, Civil Investigator at the Attorney General office confirming receipt of complaint filed on November 5, 2019.

## COUNT I

**VIOLATION OF THE FAIR CREDIT AND REPORTING ACT  INDIVIDUALLY AND COLLECTIVELY AGAINST THE DEFENDANTS**

35. Plaintiff incorporates by reference Paragraphs 1 through 34 of this Complaint as through the same was set forth herein in full

36. The Fair Credit and Reporting Act provides, that it is impermissible to furnish consumer reports in connection with any credit or insurance transaction that is not initiated by the consumer unless the consumer authorized the agency to provide such a report to such person or

(i) the transaction consists of a firm offer of credit or insurance;

(ii) the consumer reporting agency has complied with subsection (e);

(iii) there is not in effect an election by the consumer, made in accordance with subsection (e), to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and

   (iv) the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.  15 U.S.C. § 1681(b)(c).

  37. There is civil liability for willful noncompliance under the Fair Credit Reporting Act.  15 USCS § 1681.  Liability to the consumer will result in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; such amount of punitive damages as the court may allow; and in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

  38. Neither Mr. Pitts, Mrs. Pitts, nor any agent of 412 Motoring, LLC initiated the use of the report to be used in connection with any credit or insurance transaction with the Defendant First National Bank.

  39. Gary Norris and Citizens Bank of Pennsylvania willfully furnished the credit reports of the Plaintiffs to the Defendant FNB, intentionally and knowingly without consent of Mr. Pitts, Mrs. Pitts and 412 Motoring, LLC.

  40. Gary Norris and Citizens should be held liable for willful noncompliance under the Fair Credit Reporting Act.

## COUNT II

**VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT BY DEFENDANTS INDIVIDUALLY AND COLLECTIVELY AGAINST THE PLAINTIFFS INDIVIDUALLY AND COLLECTIVELY**.

41. Plaintiffs incorporates by reference Paragraphs 1 through 40 of this Complaint as through the same was set forth herein in full

42. The Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 et seq. (1976), and its guidelines, prohibit a creditor from requiring a spouse's signature on a note when the applicant individually qualifies for credit.

43. "Actual damages" under Equal Credit Opportunity Act may include out-of-pocket monetary losses, injury to credit reputation, and mental anguish, humiliation or embarrassment. Equal Credit Opportunity Act.

44. Under actual damages provision of Equal Credit Opportunity Act, court will not presume any injury, and actual damages must be specifically proven and punitive damages may be awarded pursuant to Equal Credit Opportunity Act if the creditor wantonly, maliciously or oppressively discriminates against an applicant or creditor acts in reckless disregard of requirements of the law even though there was no specific intention to discriminate on unlawful grounds.  Id.

45. The Defendants collectively and individually only considered the applications, allegedly based on the spouse collective credit reporting.  At no point did either, Citizens nor FNB offer to conduct a review of the plaintiff's credit separately nor just the business credit history.

46. Additionally, the solicited credit inquiries negatively affect the credit score of Mr. Pitts, Mrs. Pitts and 412 Motoring, LLC, making it nearly impossible for them now to get the construction loan to build the condos as desired.

47. Attorney fees are available to loan applicants under Equal Credit Opportunity Act if there has been a successful action, whether success lies in obtaining actual or punitive damages or injunctive or declaratory relief.  Id.

48. In determining the amount of such damages in any action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional. Id.

49. The acts of both Mr. Norris and Mr. Conroy were wantonly, maliciously and oppressively discriminatory against Mr. Pitts, Mrs. Pitts and 412 Motoring, LLC.

50. Both Citizens Bank of Pennsylvania and First National Bank of Pennsylvania's acts were in reckless disregard of requirements of the law even though there was no specific intention to discriminate on unlawful grounds.

**WHEREFORE**, Plaintiffs, individually and collectively demands judgment in their favor, and against the Defendants, individually and collectively; requesting relief and both compensatory and punitive damages which are provided through the statutes cited herein, together with costs of this action, reasonable attorneys' fees, and all other relief which the Plaintiffs are entitled individually and collectively as a matter of law.

Respectfully Submitted,

/s/ Wayne B. Cobb II, Esq.
204 Golfview Drive, #181
Monaca, PA 15061
724-252-2003
wayne@cobbcounsel.com

/s/ Amber L. Owens
Amber Lynn Owens, Esquire
204 Golfview Drive, #181
Monaca, PA 15061
724-252-2003
amber@cobbcounsel.com

*Attorneys For Plaintiffs*